IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT JOHN BAZEMORE, JR., | § | |
| #37160-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-2049-K |
| | § | (3:07-CR-312-K(01)) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is Petitioner Vincent John Bazemore's *pro se* petition for writ of audita querela.  For the reasons set out below, the petition is summarily denied.

## I.  BACKGROUND

Petitioner, a federal inmate within the Bureau of Prisons, filed a petition for writ of *audita querela*, challenging the judgment of conviction on the ground that the restitution order "exceeded the court's authority under the MVRA."  (Doc. 1 at 1-2.)

Bazemore pled guilty to securities fraud and was sentenced to a sixty-month term of imprisonment, a three-year term of supervised release, and restitution in the amount of $15,761,581.11.  *See United States v. Bazemore*, No. 3:07-cr-0312-K (N.D. Tex. Sept. 22, 2009).  He unsuccessfully filed a motion to vacate under 28 U.S.C. § 2255, and a motion for leave to file a successive section 2255 motion.  *See Bazemore v. United States*, No. 3:10-CV-0027-K, 2010 WL 4860783 (N.D. Tex. Nov. 29, 2010), *certificate of*

*appealability denied*, No. 10-11240 (5th Cir. May 9, 2011); *In re Bazemore*, No. 11-10573 (5th Cir. Aug. 31, 2011).   He also filed a petition for writ of *audita querela*, which claimed the federal government seized property without giving him appropriate notice under the Civil Forfeiture Act.   *See Bazemore v. United States*, No. 3:11-CV-2754-O (N.D. Tex. 2011).   The Court construed the petition for writ of *audita querela* as a civil action, because he was not seeking habeas relief, and dismissed the case as barred by the three-strike provisions of 28 U.S.C. § 1915(g).   *Id.* (November 2011 order accepting findings and recommendation of the magistrate judge).

## II.  ANALYSIS

"The writ of audita querela permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993).   *See also United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010) ("a writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition.").   As noted in *Banda*, however, "[i]t is an open question whether the . . . writ survives as a post-conviction remedy." *Banda*, 1 F.3d at 356; *see also Miller*, 599 F.3d at 489 ("the writ of audita querela might also survive in criminal adjudications, if there is a gap for it to fill.").   Assuming the writ survives, it is available only "where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Miller*, 599 F.3d at 489.   "Purely equitable grounds for relief do not justify the issuance of a writ of audita querela." *Id.*   In addition, "the writ is only available where the legal objection

2

raised cannot be brought pursuant to any other post-conviction remedy." *Id.*  It is now well established that a petitioner may not seek a writ of *audita querela* if he "may seek redress under § 2255." *Banda*, 1 F.3d at 356.

Here, Bazemore has not asserted a legal defense that arose after the judgment. His general, conclusory allegation that "the restitution order . . . [was] not limited to Bazemore's offense of conviction" does not involve a new legal defense.  (Doc. 1 at 2.) As noted in the order denying section 2255 relief, the plea agreement specifically advised Petitioner that the court would "order restitution *to all victims* charged in the one-count information." *Bazemore*, 3:10-CV-0027-K (Doc. 34 at 9, citing Plea Agreement at ¶ 6) (emphasis in original).  The Court reiterated this information during arraignment, including the important fact that the district court alone at sentencing could determine the restitution amount. *Id.* (citing Arraignment Tr. at 7-8, and 15-16).  Accordingly, because Petitioner cannot establish a legal objection or defense that arose after entry of the judgment of conviction, his petition for writ of *audita querela* has no merit.

———

### III. CONCLUSION

For the foregoing reasons, the petition for writ of *audita querela* (Doc. 1) is **DENIED**  and Petitioner's motion for status (Doc. 6) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  In support of this finding, the Court adopts and incorporates by reference the reasons set out above, *see Baugh v. Taylor*, 117 F.3d 197,

3

202 n.21 (5th Cir. 1997), and finds that any appeal of this action would present no legal

point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d

215, 220 (5th Cir. 1983).

SO ORDERED.

Signed this 4th day of January, 2012.




*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

4